**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOYCE RAMSEY,

    Plaintiff,

v.

NANCY BERRYHILL, Commissioner of
Social Security

    Defendant.

_____/

Case No. 17-13713

Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S**
**FEBRUARY 25, 2019 REPORT AND RECOMMENDATION [23]**

Pending before the Court is the Magistrate Judge's February 25, 2019 Report and Recommendation. (ECF No. 23.) The Magistrate Judge recommends that the Court deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary judgment, and affirm the findings of the Commissioner of Social Security. Plaintiff raises two objections to the Magistrate Judge's Report and Recommendation. (ECF No. 24.) Defendant opposes Plaintiff's objections. (ECF No. 26.) The Court has conducted a *de novo* review of Plaintiff's objections. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, and **GRANTS** Defendant's motion for summary judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **AFFIRMS** the decision of the Commissioner of Social Security.

**I.    Standard of Review**

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981)).

**II.  Analysis**

**A.  Plaintiff's Appointments Clause Challenge**

In supplemental briefing before the Magistrate Judge, Plaintiff argued that her case should be remanded because the presiding ALJ was not appointed in accordance with the United States Constitution. (*See* ECF Nos. 16, 17.) This argument stems from the Supreme Court's opinion in *Lucia v. S.E.C.,* 138 S. Ct. 2044, 2055, 201 L. Ed. 2d 464 (2018) (opinion entered June 21, 2018), which holds that ALJs of the Securities and Exchange Commission are "officers of the United States" within the meaning of the Appointments Clause who must be appointed by the President, a court of law, or department head. In *Lucia*, the Supreme Court found that the plaintiff raised a timely challenge to the constitutionality of the ALJ's appointment while the case was at the administrative level and was therefore entitled to a remand for a hearing by a properly

2

appointed ALJ. *Id.* ("'[O]ne who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief.").

Relying on *Lucia* and the Sixth Circuit's related decision in *Jones Brothers v. Sec'y of Labor,* 898 F.3d 669 (6th Cir. 2018), Plaintiff argued to the Magistrate Judge that: (1) ALJs in the Social Security Administration are similarly subject to the Appointments Clause; (2) the ALJ in her administrative proceeding was not properly appointed; and therefore (3) her case should be remanded so that her claim can proceed before a properly appointed ALJ. Plaintiff's opening brief, which was submitted to the Magistrate Judge on February 28, 2018, did not raise the Appointments Clause issue. (*See* Plaintiff's Motion for Summary Judgment, ECF No. 13.) Plaintiff also did not question, note, or challenge the ALJ's authority during the administrative proceedings.

The Magistrate Judge found that Plaintiff forfeited and waived the Appointments Clause issue by failing to raise it during her administrative proceedings and recommends the Court deny Plaintiff's request for remand. The Magistrate Judge did not, however, address whether *Lucia* expressly applies to Social Security ALJs, whether Plaintiff met her burden to demonstrate that the ALJ in her proceeding was not properly appointed, or whether Plaintiff waived the argument by raising it for the first time in a supplemental brief submitted several months after she filed her motion for summary judgment.

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff forfeited and waived her Appointments Clause challenge. Plaintiff contends that the Magistrate Judge's analysis conflicts with two recent report and recommendations from the Eastern District of Michigan and a recent decision from the Middle District of Pennsylvania addressing this very issue. Plaintiff argues that these three cases reflect a "trend" among

the courts in finding that social security claimants are not required to raise Appointments Clause challenges during their administrative proceedings. Plaintiff further argues that it was not possible for her to raise the Appointments Clause challenge during her administrative proceedings because *Lucia* was decided almost two years after her hearing before the ALJ. Citing *Jonas Brothers*, Plaintiff asserts that her failure to raise the constitutional issue at the administrative level should be excused, and urges this Court to remand her claims.

Plaintiff's objection is overruled. The Magistrate Judge's recommendation followed the decisions of the overwhelming majority of courts in this circuit and around the country who have addressed this exact issue and reached the same conclusion. *See, e.g.*, *Page v. Comm'r of Soc. Sec.*, 344 F. Supp. 3d 902, 905 (E.D. Mich. 2018); *Gothard v. Comm'r of Soc. Sec.*, No. 1:17-CV-13638, 2018 WL 7254254, at *15 (E.D. Mich. Oct. 10, 2018), *report and recommendation adopted*, No. 1:17-CV-13638, 2019 WL 396785 (E.D. Mich. Jan. 31, 2019); *Foster v. Comm'r of Soc. Sec.*, No. 1:18-CV-478, 2019 WL 1324008, at *4 (W.D. Mich. Mar. 25, 2019) (report and recommendation pending); *Pugh v. Comm'r of Soc. Sec.*, No. 1:18-CV-78, 2018 WL 7572831, at *1 (W.D. Mich. Nov. 8, 2018); *Willis v. Comm'r of Soc. Sec.*, No. 1:18-CV-158, 2018 WL 6381066, at *3 (S.D. Ohio Dec. 6, 2018); *Garrison v. Berryhill*, No. 17-302, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018); *Salmeron v. Berryhill*, No. 17-3927, 2018 WL 4998107, at *3 n. 5 (C.D. Cal. Oct. 15, 2018); *Davidson v. Comm'r of Soc. Sec.*, No. 16-102, 2018 WL 4680327, at *2 (M.D. Tenn. Sept. 28, 2018); *Stearns v. Berryhill*, No. 17-2031, 2018 WL 4380984, at *4–5 (N.D. Iowa Sept. 14, 2018). As one court from this district recently observed, "nearly every court to address the [Appointments Clause] issue in the context of the Social

Security Administration ("SSA") has summarily denied the claim without analysis, citing a claimant's forfeiture by failing to first raise the claim before the ALJ." *Gothard v. Comm'r of Soc. Sec.*, 2019 WL 396785, at *3 (E.D. Mich. Jan. 31, 2019).

The Court is not persuaded by Plaintiff's selected authorities. As an initial matter, Plaintiff mischaracterizes the magistrate judge's report and recommendation in *Shoops v. Comm'r of Soc. Sec.*, No. 18-10444, ECF No. 31 (E.D. Mich. Feb. 14, 2019). The magistrate judge in *Shoops* expressly did not reach a conclusion as to whether a claimant waives her appointment clause challenge by failing to raise the issue during the administrative proceedings. *Id.* Instead, the magistrate judge recommends rejecting the plaintiff's Appointments Clause argument because: (1) the plaintiff failed to develop the record as to whether the ALJ was not properly appointed; and (2) the plaintiff waived the issue by not presenting it in her opening brief before the magistrate judge. *See id.* *Shoops*, therefore, provides no support to Plaintiff's argument that courts are departing from the majority view on this issue. And the Court declines to adopt the reasoning of the magistrate judge in *Fortin v. Comm'r of Soc. Sec.*, No. CV 18-10187, 2019 WL 421071, at *4 (E.D. Mich. Feb. 1, 2019). *See also Hutchins v. Berryhill*, No. 18-10182, 2019 WL 1353955, at *3 (E.D. Mich. Mar. 26, 2019) (granting the Commissioner's objection to the magistrate judge's recommendation and holding that the plaintiff forfeited his Appointments Clause argument by failing to raise it during the administrative proceedings).

Plaintiff failed to make an argument or even note a split of authority pertaining to the appointment of the ALJ at any point during her administrative proceedings. Plaintiff failed to do so even though the split in authority on the Appointments Clause issue was

5

recognized while Plaintiff's claim was pending before the Appeals Council. *See Page*, 344 F. Supp. 3d at 905 (finding that the plaintiff failed to raise the Appointments Clause issue where split in authority on appointments of ALJs was acknowledged in December 2016, which was prior to the plaintiff's application of benefits being considered by the Appeals Council). The Court therefore accepts the analysis of the Magistrate Judge and the majority of courts addressing this issue, and finds that Plaintiff forfeited and waived her Appointments Clause challenge because she failed to present it at the administrative level.

### B. Plaintiff's Treating Physician

Plaintiff objects to the Magistrate Judge's recommendation that the ALJ properly discounted the opinion of Dr. Kovan, Plaintiff's treating physician. Plaintiff contends that Dr. Kovan's opinions were consistent with his treatment records and that his opinion was entitled to controlling weight. Plaintiff argues that ALJ committed reversible error by failing to properly assess Dr. Kovan's opinion using all of the factors listed in 20 C.F.R. § 404.1527, and the Magistrate Judge erred by concluding that any error by the ALJ was harmless.

Defendant responds that the Magistrate Judge correctly found that even if the ALJ did not discuss all of the factors listed 20 C.F.R. § 404.1527, the ALJ satisfied the regulations by providing the reasons for not giving controlling weight to Dr. Kovan's opinions and an explanation of those reasons. Defendant contends that there is substantial evidence in the record supporting the ALJ's finding that Dr. Kovan's opinions were inconsistent with other evidence in the record. Defendant also argues that Plaintiff's objection should be deemed waived because Plaintiff's objection is essentially a rehash

of the argument made to the Magistrate Judge on this same issue. Having reviewed the record this issue, the Court agrees with Defendant and the Magistrate Judge that the ALJ did not commit reversible error in declining to give controlling weight to Plaintiff's treating physician's opinion.

An ALJ is required to give controlling weight to a treating physician's opinion so long as that opinion is supported by clinical and laboratory diagnostic evidence not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017), *cert. granted sub nom.*, 138 S. Ct. 2677, 201 L. Ed. 2d 1070 (2018). When the ALJ concludes that a treating physician's medical opinion does not deserve controlling weight, the ALJ considers the opinion in light of the factors listed in 20 C.F.R. § 404.1527(c). *See Biestek*, 880 F.3d at 785. However, "the ALJ need not perform an exhaustive, step-by-step analysis of each factor; she need only provide 'good reasons' for both her decision not to afford the physician's opinion controlling weight and for her ultimate weighing of the opinion." *Id.*

Ultimately, the ALJ's written decision must contain good reasons for the weight given to the treating source's opinion, and the explanation must be sufficiently specific to make clear to any subsequent reviewers the weight given to the treating source's medical opinion and the reasons for that weight. *Francis v. Comm'r Soc. Sec. Admin.,* 414 F. App'x 802, 804 (6th Cir. 2011) (internal quotations omitted). The ALJ's failure to specifically discuss each of the factors listed in 20 C.F.R. § 404.1527(c) is harmless error so long as the ALJ's decision provides "the claimant and a reviewing court a clear understanding of the reasons for the weight given a treating physician's opinion." *Id.* at 805 (quoting *Friend v. Comm'r of Soc. Sec.*, 375 Fed.Appx. 543, 551 (6th Cir.2010) (per curiam)).

Here, as the Magistrate Judge found, the ALJ sufficiently discussed the inconsistencies between Dr. Kovan's opinions and the other evidence in the record. The ALJ attacked both the consistency and supportability of Dr. Kovan's opinion, and provided specific details of the medical evidence which contradicts Dr. Kovan's opinions. To this end, the Magistrate Judge provides a detailed summary of the medical evidence that the ALJ found to be either inconsistent or at least partially inconsistent with Dr. Kovan's opinions. In sum, the ALJ's decision presents both good reasons and a thorough explanation as to why Dr. Kovan's opinions were not given controlling weight. The ALJ's decision therefore satisfies the procedural safeguards and any failure to specifically follow the letter of the regulations is harmless error.

In addition, the Magistrate Judge found that the Dr. Kovan's July 2016 opinion was patently deficient. This finding means that the ALJ's alleged failure to discuss all of the "good reasons" for not giving to controlling weight to Dr. Kovan's opinion is harmless error. *See Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 547 (6th Cir. 2004) ("If a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it, a failure to observe § 1527(d)(2) may not warrant reversal."); *see, e.g., Phillips v. Comm'r of Soc. Sec.*, 972 F. Supp. 2d 1001, 1008 (N.D. Ohio 2013) (finding that treating source's opinion was so patently deficient that it could not be credited). Plaintiff failed to object to the Magistrate Judge's finding that Dr. Kovan's July 2016 opinion is patently deficient, and has therefore waived her objection on this issue. But even if Plaintiff did raise an objection to this portion of the Report and Recommendation, the Court agrees with the Magistrate Judge's analysis. As a result, the ALJ's purported failure to discuss

all of the "good reasons" for giving Dr. Kovan's opinion less than controlling weight is harmless error.

## III. Conclusion

For the above-stated reasons, and for the reasons provided in the Magistrate Judge's Report and Recommendation, the Court **OVERRULES** Plaintiff's objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, **DENIES** Plaintiff's Motion for Summary Judgment; **GRANTS** Defendant's Motion for Summary Judgment, and **AFFIRMS** the decision of the Commissioner.

**SO ORDERED.**

<u>s/Nancy G. Edmunds</u>
Nancy G. Edmunds
United States District Judge


Dated: March 28, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2019, by electronic and/or ordinary mail.


<u>s/Lisa Bartlett</u>
Case Manager