UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOYCE ANN RAMSEY,

        Plaintiff,                                No. 17-13713

v.                                            Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [39]**

The matter is before the Court on Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 39.) Defendant opposes the motion. (ECF No. 40-1.) Plaintiff has filed a reply, (ECF No. 41), and Defendant has filed a sur-reply, (ECF No. 45). The Court finds that the facts and legal arguments are adequately presented in the motion and briefs and the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Plaintiff's motion will be resolved without oral argument. For the reasons set forth below, the Court DENIES Plaintiff's motion for attorney fees.

**I.     Background**

On September 12, 2016, the administrative law judge ("ALJ") issued a decision denying Plaintiff's application for supplemental security income. (ECF No. 11-2, PageID.38-49.) On October 3, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner of Social Security's final decision

1

for purposes of appeal.  (*Id.* at PageID.29-34.)  On November 15, 2017, Plaintiff filed this action seeking judicial review of that decision.  (ECF No. 1.)  In her motion for summary judgment, Plaintiff argued the underlying decision was deficient and should be reversed.  (ECF No. 13.)  But after briefing on the parties' cross-motions for summary judgment was complete, on September 26, 2018, Plaintiff filed a supplemental brief, arguing the ALJ who presided over her hearing was not constitutionally appointed based on *Lucia v. SEC*, 138 S. Ct. 2044, 2049 (2018), which held that ALJs of the Securities and Exchange Commission are "Officers of the United States" within the meaning of the Appointments Clause of the Constitution.  (ECF No. 17.)  In a response filed on October 12, 2018, Defendant argued Plaintiff's Appointments Clause challenge was forfeited because it was not presented to the agency in the administrative process.  (ECF No. 18-2.)  In so doing, Defendant noted that in *Lucia*, the Supreme Court had stated that "one who makes a *timely* challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief."  *See Lucia*, 138 S. Ct. at 2055 (internal quotation marks and citation omitted) (emphasis added).

The Magistrate Judge recommended rejecting Plaintiff's arguments and affirming the Commissioner's decision.  (ECF No. 23.)  In recommending that Plaintiff's Appointments Clause challenge be denied, the Magistrate Judge noted that "courts considering this issue of forfeiture have overwhelmingly concluded that where a claimant fails to raise the challenge at the administrative level the claimant forfeits the challenge in district court." (*Id.* at PageID.1074.)  This Court adopted the Magistrate Judge's report and recommendation, holding that a plaintiff forfeits an Appointments Clause challenge not raised at the administrative level.  (ECF No. 27, PageID.1214.)

Plaintiff appealed this Court's decision, and after her appeal was consolidated with a number of other appeals raising the same issue, the Sixth Circuit, in a 2-1 decision, reversed and remanded this case to the Social Security Administration for a new hearing before an ALJ other than the ALJ who presided over her original hearing. *See Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537, 547 (6th Cir. 2020). In its decision, the Sixth Circuit noted that the Third Circuit had held that issue exhaustion of an Appointments Clause challenge is not required in Social Security proceedings, *see Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 159 (3d Cir. 2020), while the Tenth and Eighth Circuits had disagreed, *see Carr v. Comm'r of Soc. Sec.*, 961 F.3d 1267, 1276 (10th Cir. 2020), and *Davis v. Comm'r of Soc. Sec.*, 963 F.3d 790, 795 (8th Cir. 2020), but ultimately found *Cirko* the most persuasive opinion. *See Ramsey*, 973 F.3d at 540. The Sixth Circuit stayed issuance of the mandate, and Defendant filed a petition for certiorari. (6th Cir. Case No. 19-1579, Doc Nos. 68, 69.) On April 22, 2021, the Supreme Court resolved the circuit split, holding that a social security claimant may raise an Appointments Clause challenge for the first time in court. *See Carr v. Saul*, 141 S. Ct. 1352, 1362 (2021). Plaintiff then filed an unopposed motion for issuance of mandate and remand, and the Sixth Circuit granted that motion and issued the mandate. (6th Cir. Case No. 19-1579, Doc Nos. 71, 72, 73.) Plaintiff now moves this Court for an award of $51,159.35 in attorney fees.[1]

## II. Legal Standard

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United

---

[1] Plaintiff requests $50,987.45 in attorney fees in her motion and seeks an additional $171.90 in her reply.

3

States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The question of whether the position of the United States was "substantially justified" is answered with regard to not only the civil action, but also the administrative decision upon which the civil action is based. *See* § 2412(d)(2)(D). Substantial justification under the EAJA is defined as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In other words, the position must have had a "reasonable basis both in law and fact." *Id.* This means "more than merely undeserving of sanctions for frivolousness," *id.* at 566, "[b]ut a position can be justified even though it is not correct," *id.* at 566 n.2. Defendant bears the burden of proving that a given position was substantially justified. *See Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014).

### III. Analysis

Defendant does not dispute that Plaintiff is a prevailing party in this matter. Defendant argues, however, that Plaintiff is not entitled to attorney fees because Defendant's position was substantially justified. The Court agrees.[2]

When considering whether a position is substantially justified, courts "focus on the merits of that position," but "objective indicia of reasonableness—such as a dissenting

---

[2] To the extent Plaintiff attempts to recharacterize Defendant's argument as a special circumstances defense and then asserts Defendant has waived any such defense, the Court rejects this argument. The Court finds Defendant has properly asserted a substantial justification defense. And because the Court resolves the question of substantial justification in favor of Defendant, it need not address whether there are special circumstances that would make an award of fees unjust or whether the fees requested are reasonable.

opinion, the views of other courts, a string of losses, or a string of successes—may be relevant" to this inquiry as well. *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 563 (6th Cir. 2021) (internal quotation marks and citations omitted).  Ultimately, courts must "distinguish between cases in which the government lost because it vainly pressed a position flatly at odds with the controlling case law and cases in which the government lost because an unsettled question was resolved unfavorably." *Id.* at 564 (internal quotation marks and citations omitted).

As a threshold matter, the Court notes the issue here is whether Defendant was substantially justified in arguing Plaintiff forfeited her Appointments Clause challenge by failing to raise it at the administrative level.[3]  Thus, Plaintiff's arguments regarding the merits of the underlying challenge and the alleged violation of her constitutional rights are inapposite.

Plaintiff did not claim at any point during the administrative process that the ALJ was not properly appointed.  Because Defendant did not have an obligation to raise the issue sua sponte, Defendant acted reasonably at the administrative level.  With regard to Defendant's litigation position, at the time Defendant first raised the forfeiture argument before this Court, neither the Sixth Circuit nor the Supreme Court had ruled on the issue of whether an Appointments Clause challenge must be raised before the ALJ and numerous lower courts had made rulings consistent with Defendant's position.  (*See* ECF

---

[3] The issue of whether Defendant was substantially justified in defending the ALJ's underlying determination is not before the Court.  The Magistrate Judge had recommended affirming that decision, and this Court agreed.  (ECF No. 27.)  Plaintiff later voluntarily withdrew her challenge to the merits of that determination before the Sixth Circuit.  (6th Cir. Case No. 19-1579, Doc No. 51.)

No. 23, PageID.1074-75.) And while the Sixth Circuit eventually found in favor of Plaintiff, it did so over Judge Siler's dissent. See *Ramsey*, 973 F.3d at 547-48. Also, both the Tenth and Eighth Circuits issued decisions agreeing with Defendant's argument that a plaintiff forfeits an Appointments Clause challenge not raised at the administrative level. See *Carr*, 961 F.3d at 1276; *Davis*, 963 F.3d at 795. This "string of successes," the dissent from the Sixth Circuit, and the views of a majority of district courts all support a finding that Defendant's position was substantially justified. See *Griffith*, 987 F.3d at 563.

Plaintiff argues Defendant only obtained a string of successes after making a misrepresentation of law regarding Social Security regulations.[4] But the Court finds Defendant did not make any misrepresentations or argue the regulations include a forfeiture rule. And contrary to Plaintiff's suggestion, this issue had not been resolved in *Sims v. Apfel*, 530 U.S. 103 (2000). There, the Supreme Court held that claimants do not need to exhaust issues before the Appeals Council to obtain judicial review of those claims, *id.* at 112, and explicitly noted that "[w]hether a claimant must exhaust issues before the ALJ is not before us," *id.* at 107. In fact, while the Supreme Court in *Carr* found that "[m]uch of what the *Sims* opinions said about Appeals Council review applies equally to ALJ proceedings," the Court agreed with Defendant that there are "several differences that may make ALJ hearings relatively more adversarial."[5] *Carr*, 141 S. Ct. at 1359-60.

---

[4] The insinuation that Defendant succeeded in misleading this Court and other courts is not well taken.

[5] The degree to which an ALJ hearing is adversarial was relevant because "the rationale for requiring issue exhaustion is at its greatest when the parties are expected to develop the issues in an adversarial administrative proceeding, but the reasons for a court to require issue exhaustion are much weaker when an administrative proceeding is not adversarial." See *Carr*, 141 S. Ct. at 1359 (internal quotation marks and citation omitted).

Thus, Defendant's argument had a reasonable basis in law and fact and was not "flatly at odds with the controlling case law."[6] See Griffith, 987 F.3d at 563-64.

Plaintiff cites to three cases from the Eastern District of Pennsylvania that have found in favor of claimants on this issue, but the Court does not find those cases persuasive. For example, in Byrd v. Saul, 469 F. Supp. 3d 351, 355 (E.D. Pa. 2020), the court found Defendant's position not substantially justified based primarily on Sims. But as discussed above, Sims did "not dictate the answer" to the question of whether a claimant must exhaust issues before the ALJ. See Cirko, 948 F.3d at 155. Moreover, numerous other courts, including in that same district and in this circuit, have found that Defendant's position was substantially justified. See, e.g., E.D. Mich. No. 18-11042, ECF Nos. 48, 51; Rager v. Saul, No. 1:19-CV-00140-H, 2021 U.S. Dist. LEXIS 20566, at *10 (W.D. Ky. Feb. 2, 2021); Rich v. Comm'r of Soc. Sec., 477 F. Supp. 3d 388, 398-99 (E.D. Pa. 2020); see also Flynn v. Saul, No. 19-0058, 2021 U.S. Dist. LEXIS 116898, at *13 (E.D. Pa. June 22, 2021) (noting "the majority of judges in the Eastern District of Pennsylvania agree with this Court's finding that the Commissioner's litigation position was substantially justified") (listing cases).

In sum, the Court finds this to be a case in which the government lost because an unsettled question of law was resolved unfavorably. Thus, Defendant's position was substantially justified, and Plaintiff is not entitled to attorney fees under the EAJA.

---

[6] Plaintiff also argues that Defendant's argument was contrary to Social Security Ruling 19-1p, 2019 SSR LEXIS 1 (March 15, 2019). But that ruling is inapplicable because it "explains how [Defendant] will adjudicate cases pending at the Appeals Council in which the claimant has raised a timely challenge to the appointment" of the ALJ, id. at *1, and Plaintiff did not make such a challenge.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's motion for attorney fees is DENIED.

SO ORDERED.

s/Nancy G. Edmunds<br>
Nancy G. Edmunds<br>
United States District Judge

Dated: November 10, 2021


I hereby certify that a copy of the foregoing document was served upon counsel of record on November 10, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett<br>
Case Manager

8