UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOYCE ANN RAMSEY,

        Plaintiff,                            No. 17-13713

v.                                       Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**ORDER DENYING JOINT MOTION FOR RELIEF UNDER
FEDERAL RULE OF CIVIL PROCEDURE 60(b) [51]**

On November 10, 2021, the Court entered an opinion and order denying Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (ECF No. 46.) Plaintiff appealed that order to the Sixth Circuit Court of Appeals, (ECF No. 47), but her appeal was dismissed on a joint motion for dismissal brought by the parties, (ECF No. 49). The parties now jointly move this Court for relief under Federal Rule of Civil Procedure 60(b) to enable them to effectuate the settlement reached on appeal. (ECF No. 51.) For the reasons below, the Court DENIES this request.

**I.     Background**

On November 15, 2017, Plaintiff filed this action seeking judicial review of the Commissioner of Social Security's decision denying her application for supplemental security income. (ECF No. 1.) Among other arguments, Plaintiff raised the issue of whether the administrative law judge ("ALJ") who presided over her hearing was not

1

constitutionally appointed under *Lucia v. SEC*, 138 S. Ct. 2044 (2018).  (ECF No. 17.)

Defendant responded by arguing that Plaintiff's Appointments Clause challenge was

forfeited because it was not presented to the agency in the administrative process.  (ECF

No. 18-2.)  This Court ultimately agreed with Defendant's forfeiture argument and affirmed

the Commissioner's decision.  (ECF No. 27.)  But the Sixth Circuit and the Supreme Court

later disagreed, holding that a social security claimant may raise an Appointments Clause

challenge for the first time in court.  *See Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537,

540 (6th Cir. 2020); *Carr v. Saul*, 141 S. Ct. 1352, 1362 (2021).

Subsequent to those decisions and remand of this case to the Social Security

Administration for a new hearing before an ALJ other than the ALJ who presided over

Plaintiff's original hearing, Plaintiff moved this Court for an award of $51,159.35 in

attorney fees under the EAJA.  (ECF Nos. 39, 41.)  Defendant opposed the motion.  (ECF

Nos. 40-1, 45.)  The Court found that even though the Supreme Court held in favor of

Plaintiff's position on the issue of forfeiture of an Appointments Clause challenge,

because Defendant's position was substantially justified, Plaintiff is not entitled to attorney

fees under the EAJA.  *See Ramsey v. Comm'r of Soc. Sec.*, No. 17-13713, 2021 U.S.

Dist. LEXIS 217256, at *7-9 (E.D. Mich. Nov. 10, 2021).  Plaintiff then appealed, but after

the parties reached a settlement, the appeal was dismissed on the basis of that

settlement.  (6th Cir. Case No. 22- 1003, Doc Nos. 12, 13.)  The parties now ask the Court

to enter an order vacating its previous order and awarding Plaintiff $2,000.00 in attorney

fees and $505.00 in costs under the EAJA to effectuate the settlement.[1]  (ECF No. 51.)

---

[1] The Court notes that it routinely approves stipulations with regard to an award of
attorney fees under the EAJA in cases where a social security claimant has won a remand

II.     **Analysis**

The parties move for relief under Federal Rule of Civil Procedure 60(b)(5) and 60(b)(6).  Rule 60(b)(5) sets forth that a court may relieve a party from a final judgment or order if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable," and Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason that justifies relief."

Rule 60(b)(5), however, is typically reserved for injunctions, declaratory judgments, or consent decrees.  *See Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 355 F.3d 574, 587 (6th Cir. 2004).  And while Rule 60(b)(6) allows a court to relieve a party from a final judgment for a reason not addressed in Rule 60(b)(1)-(5), it applies "only in exceptional or extraordinary circumstances."  *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (noting courts should apply Rule 60(b)(6) relief "only in unusual and extreme situations where principles of equity mandate relief") (internal quotation marks and citations omitted).  The United States Supreme Court has provided insight into the circumstances under which a court may vacate a judgment due to a settlement in another context.  In *United States Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994), the Supreme Court held that mootness due to a settlement does not justify vacatur of a lower court's judgment by an

---

to the agency.  But here the parties did not come to an agreement until after the Court found the government's position substantially justified—a finding that precludes an award under the language of the statute.  *See* § 2412(d)(1)(A).  Thus, under the current procedural posture of this case, the only way the Court can award fees under the EAJA is if it vacates its previous order.

appellate court unless "exceptional circumstances" counsel in favor of such.  In so doing, the Supreme Court emphasized the value of final judgments, noting that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur."  *Id.* at 26 (internal quotation marks and citation omitted).  The Supreme Court also noted that the availability of vacatur after settlement on appeal may deter settlement at an earlier stage, because "[s]ome litigants, at least, may think it is worthwhile to roll the dice rather than settle in the district court, or in the court of appeals, if, but only if, an unfavorable outcome can by washed away by a settlement-related vacatur.  And the judicial economies achieved by settlement at the district-court level are ordinarily much more extensive than those achieved by settlement on appeal."  *Id.* at 27-28.  District courts have found the Supreme Court's reasoning in *Bancorp Mortgage* relevant when considering a Rule 60(b) motion triggered by a settlement on appeal that is conditioned on vacating an earlier judgment. *See, e.g.*, *McLaughlin v. G2 Eng'g & Mgmt.*, No. 3:15-CV-537-TAV-DCP, 2020 U.S. Dist. LEXIS 34426, at *1, 9 (E.D. Tenn. Feb. 28, 2020) (denying such a motion after finding the parties "fail[ed] to present any circumstances distinguishing th[e] case from other settlements reached on appeal or to explain why allowing the judgment to stand would be inequitable").

The parties do not point to any exceptional or extraordinary circumstances that would justify relief here.  Instead, they merely assert that applying the Court's previous order is no longer equitable due to the change in circumstances resulting from the settlement reached while the matter was on appeal and the dismissal of the appeal.  But

the Court finds that the parties' interest in effectuating the settlement is outweighed by "the public interest in final judgments and the prudent use of judicial resources." *See id.* at *10.  Defendant chose to contest Plaintiff's request for attorney fees under the EAJA and the parties thoroughly briefed the issue of whether Defendant's position was substantially justified.  The Court ruled in favor of Defendant, addressing an issue on which district courts have come to differing conclusions.  *See Ramsey*, 2021 U.S. Dist. LEXIS 217256, at *8-9.  And other courts have since cited to the Court's opinion and order.  In sum, the Court finds the balance of equities here weighs against vacating its previous order.

## III.     Conclusion

For the foregoing reasons, the parties' joint Rule 60(b) motion is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 9, 2022


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 9, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager
